**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No.  01-60594

---

AMERICAN HEALTH AND LIFE INSURANCE
COMPANY; TRITON INSURANCE COMPANY,

                                                              Plaintiffs - Appellees,

versus

IVA JOHNSON

                                                              Defendant - Appellant.

No.   01-60595

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
CO

          Plaintiffs - Appellees

    v.

ELLIS B LANG

          Defendant - Appellant

No. 01-60596

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
COMPANY

          Plaintiffs - Appellees

    v.

CHARLES LAWRENCE

          Defendant - Appellant

No. 01-60597

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

REGINALD V LOWERY

       Defendant - Appellant

No. 01-60598

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

ETTA MELTON

       Defendant - Appellant

No. 01-60599

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

HELEN MORANT

       Defendant - Appellant

No. 01-60600

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

2

Plaintiffs - Appellees

v.

DANIEL DAVIS

Defendant - Appellant

No. 01-60601

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

MARILYN FARMER

Defendant - Appellant

No. 01-60602

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

ETHYL MAE GILL

Defendant - Appellant

No. 01-60603

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

ZETTIE GRAHAM

       Defendant - Appellant

No. 01-60604

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

LAURA HAIRSTON

       Defendant - Appellant

No. 01-60605

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintifffs - Appellees

  v.

ROBERT HALBERT

       Defendant - Appellant

No. 01-60606

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

LOUISE HARRELL

       Defendant - Appellant

4

No. 01-60607

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
COMPANY

       Plaintiffs - Appellees

  v.

TINA HART

       Defendant - Appellant

No. 01-60608

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
COMPANY

       Plaintiffs - Appellees

  v.

DAVID HILL; GLENDA ANN HILL

       Defendants - Appellants

No. 01-60609

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
COMPANY

       Plaintiffs - Appellees

  v.

WILLIE ARTHUR HODGES, SR; LULA D HODGES

       Defendants - Appellants

No. 01-60610

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE
COMPANY

Plaintiffs - Appellees

v.

VIOLET R JOHNSON

Defendant - Appellant

No. 01-60611

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

ELLSWORTH NASH

Defendant - Appellant

No. 01-60612

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

HOWARD PRATT

Defendant - Appellant

No. 01-60613

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

DELORES SANDERS

       Defendant - Appellant

No. 01-60614

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

v.

JERRY SMITH

       Defendant - Appellant

No. 01-60616

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

v.

EARNEST STALLINGS; LUTISHIA STALLINGS

       Defendants - Appellants

No. 01-60617

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

v.

JOE STALLINGS

Defendant - Appellant

Case No. 01-60619

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

ANGEL SYKES

Defendant - Appellant

No. 01-60620

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

TWANDA BRAZZLE

Defendant - Appellant

No. 01-60621

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

CHARLIE BREWER; IZELLA BREWER

Defendants - Appellants

No. 01-60622

8

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

MICHAEL W BROWN

       Defendant - Appellant

No. 01-60623

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

ARGAIL CARTER

       Defendant - Appellant

No. 01-60624

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

       Plaintiffs - Appellees

  v.

VELMA CLARK

       Defendant - Appellant

No. 01-60625

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

GLORIA COTTON

Defendant - Appellant

No. 01-60626

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

LINDA TAYLOR

Defendant - Appellant

No. 01-60627

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

TRAVIS WILKINS; LOUISE WILKINS

Defendants - Appellants

No. 01-60628

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

10

Plaintiffs - Appellees

v.

REGINALD WHITE; TYREE WHITE

Defendants - Appellants

No. 01-60629

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

HENRY YOUNG; ANNIE YOUNG

Defendants - Appellants

No. 01-60630

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

RICHARD SMITH

Defendant - Appellant

No. 01-60631

AMERICAN HEALTH AND LIFE INSURANCE COMPANY; TRITON INSURANCE COMPANY

Plaintiffs - Appellees

v.

B J HARVEY; LOUISE HARVEY

Defendants - Appellants

Appeals from the United States District Court
for the Northern District of Mississippi
(1:01-CV-110)

June 7, 2002

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Iva Johnson ("Johnson") appeals the district court's order referring the above case to

arbitration pursuant to the Federal Arbitration Act ("FAA"). For the reasons stated herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

This case involves the sale of credit-related insurance to Iva Johnson and several other

similarly situated individuals (collectively the "Defendants"). The Defendants obtained one or more

consumer loans from CitiFinancial, Inc. ("CFI") at CFI's Mississippi offices in Columbus,

Greenwood, Starkville, or Tupelo. As a prerequisite for receiving the loans, the Defendants were

* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

required to purchase credit-related insurance. The purpose of credit-related insurance is to provide security for the repayment of a loan, in the event that the borrower is disabled or injured, or collateral is impaired. CFI gave the Defendants the option of purchasing their insurance from either American Health and Life Insurance Company ("American") or Triton Insurance Company ("Triton"). American and Triton are wholly owned subsidiaries of CFI. In connection with the loan, the Defendants signed a document entitled "Disclosure Statement, Note and Security Agreement" ("Agreement"), which essentially constituted the loan contract. The Agreement contained a mandatory arbitration provision, requiring that all claims or disputes in connection with the loan transaction be submitted to binding arbitration. Despite this provision, the Defendants independently filed suit in state court against American, Triton, and employees of CFI (the "Plaintiffs") alleging fraud, negligent misrepresentation, breach of fiduciary duty, and negligence in relationship to the consumer loan transactions.

Shortly thereafter, the Plaintiffs filed an action in federal district court seeking to compel arbitration. They alleged that, in connection with the loan, the Defendants signed a contract containing a mandatory arbitration clause, and thus, arbitration was required pursuant to the FAA. The Defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Mississippi law forbids arbitration clauses in insurance policies. In support of their contention, the Defendants submitted an affidavit from the Mississippi Insurance Commissioner, and an opinion from the State Attorney General. By written order, the district court denied the Defendants' motions to dismiss, finding that the Defendants submitted evidentiary materials that were outside of the pleading, and therefore could not have been considered in deciding a 12(b)(6) motion to dismiss. Considering only the pleadings, the court found that the Defendants

13

failed to allege any set of facts that would entitle them to the relief they sought. Subsequently, the Plaintiffs filed a motion for summary judgment. After evaluating all of the summary judgment evidence, the district court granted their motion and ordered arbitration. The Defendants each timely appealed to this Court. All of the Defendants' independent actions were consolidated for purposes of appeal.

## STANDARD OF REVIEW

We review *de novo* a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000). This motion examines the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the pleadings. Jackson v. Procunier, 789 F.2d 307, 309 (5th Cir. 1986). A district court's grant of summary judgment is also reviewed *de novo*. Exxon Corp. v. Baton Rouge Oil, 77 F.3d 850, 853 (5th Cir. 1996). Once a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party to set forth facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Bros. v. Klevenhagen, 28 F.3d 452, 455 (5th Cir. 1994). We review "the facts drawing all inferences most favorable to the party opposing the motion." Matagorda County v. Russell Law, 19 F.3d 215, 217 (5th Cir. 1994). Therefore, the entry of summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Rojas v. TK Comms., Inc., 87 F.3d 745, 747 (5th Cir. 1996).

## DISCUSSION

In enacting the FAA, Congress expressed a strong national policy favoring arbitration and removed the states' power to require judicial proceedings for the resolution of claims which the

parties contracted to resolve by arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). Under the Act, a written provision, in a contract that evidences a transaction involving commerce, to settle by arbitration a controversy arising out of such contract is valid, irrevocable, and enforceable. 9 U.S.C. § 2 (1999). Whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration. Rojas , 87 F.3d at 747. If the issues in the case are within the contemplation of the arbitration agreement, the FAA's stay-of-litigation provision is mandatory, and there is no discretion vested in the district court to deny the stay. In re Complaint of Hornbeck Offshore Corp., 981 F.2d 752, 754 (5th Cir. 1993).

This Circuit has directed that district courts are to conduct a two-step inquiry when determining whether parties' claims should be submitted to arbitration. R.M. Perez & Assocs., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir. 1992). First, the district court must determine whether the parties had a written agreement to arbitrate the dispute. Id. After the court concludes that the parties agreed to arbitrate, "it must consider whether any federal statute or policy renders the claims nonarbitrable." Id. In the present case, the parties do not dispute that the Agreement contains the following mandatory arbitration provision:

> *Any claim*, except those specified below in this provision, shall be resolved by binding arbitration in accordance with (i) *the Federal Arbitration Act*; (ii) the Expedited Procedures of the Commercial Arbitration Act; and (iii) this Provision.

The Agreement defines a "claim" as

> [A]ny case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything that concerns . . . any past, present, or future Credit Transactions. . . Examples of claims that are governed by this Agreement include those involving: State insurance, usury, and lending laws, fraud or misrepresentation, including claims for failing to disclose material facts.

15

The Agreement also states that the term "US" as used in the arbitration provision includes not only the lender, but also the lender's present and former parent corporations, *subsidiary* and *affiliate corporations*, as well as any employees of these entities. Id. at 4 (emphasis added). The Plaintiffs clearly fall within one or more of these categories. Thus, they are specifically covered by the arbitration clause.

Applying the two-prong test set out in R.M. Perez, the district court determined that the written arbitration clause was "unambiguous, sufficiently broad to cover the Defendant[s]' claims, and susceptible to only one interpretation - that the parties intended to settle, through arbitration, the claims the Defendant[s] [had] raised." As for the second prong, the court found that there were no federal statutes or policies rendering the claims raised in the complaint "nonarbitrable." Id. Thus, the court ordered arbitration.

As an initial matter, we find that the district court properly found that the two-prong test for determining whether the parties agreed to binding arbitration was met, and the Defendants do not challenge this conclusion on appeal. Instead, they maintain that the entire loan agreement is invalid because the Plaintiffs failed to submit their policy forms to the Mississippi Commissioner of Insurance for approval as required by Mississippi law.[2] This contention must fail because it ignores the fact that the arbitration clause was in the loan agreement and not the insurance policy itself. Therefore, Mississippi law applicable to the business of insurance is not at issue here, and there is no law in Mississippi requiring that loan contracts must be presented to the Commissioner of Insurance for

---

[2]Mississippi law requires that "All policies, certificates of insurance, notices of proposed insurance, applications for insurance, endorsements and riders delivered or issued for delivery in this state, and the schedules of premium rates pertaining thereto, shall be filed with the commissioner for his approval prior to use." MISS. CODE ANN. § 83-53-15 (1999).

16

approval.  See e.g. Federal Trade Comm'n v. Dixie Fin. Co., 695 F.2d 926, 931(5th Cir. 1983) (holding that the wrongful sale of credit insurance during a loan transaction does not involve the business of insurance).  Because we find that the loan contract was valid, and that the two-prong test set out in R.M. Perez was met, we conclude that the district court properly ordered mandatory arbitration pursuant to the FAA. [3]  Since we are affirming the district court's decision, the Defendants' motion to supplement the record is denied.

## CONCLUSION

For the reasons stated above, we AFFIRM.

AFFIRMED.

_____

[3]The Defendants also allege that in their motion to dismiss, they argued that the application of the FAA to this case is prohibited by the McCarran-Ferguson Act, which generally prohibits federal interference in the state regulation of insurance.  The record reveals, however, that the Defendants did not raise this issue in their motion to dismiss as they contend.  Because this preemption argument is raised for the first time on appeal, we would generally review it only for plain error.  Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996).  However, because we find that the disposition of  this case does not depend on the application of state insurance law, we do not address this argument.